CALEDONIA,              JOHN BECKWITH *v.* WILLIAM HOUGHTON.
   *July,*
   1839.       Where a promissory note is given for a pre-existing account, the contract
   ————           is considered as "*made*" at the time the note bears date, for the pur-
                  pose of determining whether the defendant is entitled to the benefit of
                  the poor debtors' oath.
               If the county court admit a defendant to the benefit of such oath, in a
                  case where he is not entitled to it, the party aggrieved can have no re-
                  dress by writ of error or exceptions.

THIS was an action of assumpsit, on a promissory note.

Judgment was rendered for the plaintiff by default.   The
note was executed Oct. 12, 1833, for $90,12, and interest.
The defendant in court applied for the benefit of the poor
debtor's oath, under the act of the 8th Nov. 1830.   It ap-
peared that the debt for which the note was given, existed
previous to the passing of the act referred to.

The court decided that the defendant was entitled to the
benefit of the act, and caused the oath to be administered.
To this decision the plaintiff excepted, and the exceptions
were allowed, and ordered to be placed upon record, and to
pass to the supreme court, if the case came within any act of
the legislature providing for the passing of questions from
the county to the supreme court.

*E. Farr*, for plaintiff.

*G. C. Cahoon*, for defendant.

REDFIELD, J., who was to have delivered the opinion of the court, in this case, having been unexpectedly called away, before judgment was pronounced, afterwards drew up the following opinion.

The court have no doubt, that giving a note for a pre-existing account, under the circumstances detailed in the bill of exceptions, is so far a new contract, that, when put in suit, the mode of process and the privilege of the defendant must be determined with reference to the contract, as of that date. The suit is upon the note, and the note bears date subsequent to the first day of January, 1831. It was then a contract "made and entered into," subsequent to that day. By the very terms of the statute the defendant was entitled to the benefit of the poor debtor's oath.

But we do not affirm the judgment of the county court, as the error complained of was not in their judgment; but in a subsequent proceeding affecting the form of the execution merely. Since the time of Lord Holt, *Groenvelt* v. *Burwell*, 1 Salk. R. 263, it has been considered, that error will not lie to correct the proceedings of a court of record, in *summary* matters, where the jurisdiction in not exercised " *according to the course of the common law*" but *in a new course different from the common law.*" 2 Saunders' R. 101, and notes. Here the proceeding complained of was not within the ordinary jurisdiction of courts of record, but a special and summary jurisdiction, to be exercised " different from the course of the common law." For any error committed by the court in such summary proceedings, the party aggrieved must take his redress, by *certiorari* or *mandamus* or other mode, as he may be advised.

The exceptions are dismissed.