BETSEY ANN STILES *v.* THE TOWN OF WINDSOR.

*Exceptions. No. 33 of the Acts of 1870.*

Exceptions do not lie to the decision of the county court in proceedings under the act entitled "An act for the relief of the families of insane persons," approved November 10, 1870. It is only when that court exercises its jurisdiction, substantially, according to the course of the common law, that exceptions lie to its decisions.

THIS was a complaint under the act for the relief of the families of insane persons, approved November 10, 1870, alleging that the plaintiff was the wife of William L. Stiles, whose legal

settlement was in the defendant town, and who was insane, and confined in the insane asylum at Brattleboro, Vermont; that the income of the said William's estate was not sufficient for the maintenance and support of the plaintiff and the minor children of the said William; and praying that the defendant be ordered to maintain and support said William at said asylum. The court found the following facts:

"The legal settlement of the said William was conceded to be in Windsor, for all the purposes of this proceeding. The evidence showed that the complainant is the wife of the said William; that they have four children living; Frank W., aged 23 years; Clementine, aged 18 years; Fred, aged 16 years; and Asa, aged 13 years; all but the eldest being invalids, requiring to be taken care of and supported by others; that in April, 1869, the said William being then, and ever since, insane, was sent by his wife to the insane asylum at Brattleboro, Vermont, his eldest son, then a minor, going with him, and he has remained there ever since, except that in June, 1870, he escaped, and was out of the asylum a month, having been returned there as soon as he was found. At some time prior to November, 1870, the complainant received notice from Dr. Rockwell, the superintendent of the asylum, that the defendant refused to support the said William longer. Since November, 1870, at which time said eldest son became 21 years of age, the burthen of supporting the family, including the expense of maintaining the father at the asylum, has been borne by him out of the wages of his labor as a workman in the cab shop in Springfield,—his father having had no estate, or income sufficient for the support, either of himself or family; that the expense of the support of the said William at said asylum since November, 1870, has been $8 per month."

The defendant claimed that it was liable for the expense of supporting him at the asylum, only from the rendition of the judgment in this case. The plaintiff claimed that the defendant was liable to pay such expense from the time this complaint was served, and the court so held, and ordered the defendant to maintain and support the said William at said asylum from and after the service of said complaint, and pay the costs of this proceeding; to which the defendant excepted.

*J. S. Marcy*, for the defendant.

67

---

---

—— ——, for the plaintiff.

The opinion of the court was delivered by

Ross, J.    The defendant has taken exceptions to the proceedings and action of the county court in making an order upon it, under the act of 1870, fixing the liability of the town to support William L. Stiles, an insane person, the husband of the complainant.    The act makes the county court a special tribunal to determine and fix, in a summary manner, the liability of towns in such cases.    In its action, that court was not exercising its jurisdiction " according to the course of the common law," but in a new course, different from that prescribed by the common law. By the common law, the town would have had the right to a trial and determination of the facts by the jury.    By the act, the facts are all determined by the county court.    That court rendered no judgment directly in favor of the complainant, and only granted her relief indirectly, by ordering the town to assume the burden of supporting the husband, and thus removed that burden from resting upon his property, from which the complainant derives, in part, her support.    The jurisdiction is conferred upon that court and its proceedings are prescribed by the act.    Writs of error or exceptions do not lie to the action of the county court, except when it exercises its jurisdiction, substantially, according to the course of the common law.    When it exercises its jurisdiction in a new course, different from that prescribed by the common law, the party aggrieved by its proceedings, must seek redress by *certiorari*, or *mandamus*, or some other proper writ.    This was decided early by this court in *Beckwith* v. *Houghton*, 11 Vt. 602, and has been followed in many subsequent cases.    If this court should attempt to revise the action of the county court on exceptions, it is quite probable its proceedings would be held inoperative to bind any one, or to vacate the order made by that court.    We have not, therefore, considered the question attempted to be raised by the exceptions.

The exceptions are dismissed, with costs to the complainant.